THE STATE, EX REL. VANAUSDALE, *v.* BOARD OF EDUCATION OF MONCLOVA LOCAL SCHOOL DISTRICT ET AL.

(No. 4391—Decided December 5, 1949.)

*Messrs. Hayward & Smith,* for relator.

*Mr. Joel S. Rhinefort,* prosecuting attorney, for respondents.

CONN, J. This action originating in this court was instituted by relator against respondents for a writ of mandamus. The cause was submitted to the court on the petition, answer, supplemental answers, replies thereto, stipulations, evidence, oral arguments of counsel and briefs of relator.

We will briefly restate the material allegations in the pleadings.

Relator is now and has been employed for the past 18 years by respondent board as teacher, supervisor or in such other educational positions for which the board of education required certification. On June 2, 1941, relator was the holder of a permanent or life certificate and had completed more than five years of

employment with such board. Thereafter, on October 16, 1941, a continuing contract was entered into with relator. Beginning with the school year of 1945-1946 to the present, upon the recommendation of the county superintendent of schools, relator has been a teacher employed as principal, supervisor or other administrative head of the Monclova School. On July 18, 1947, the board of education gave relator notice that his salary for the year 1947-1948 and for the year 1948-1949 would be $3,750 annually.

On March 26, 1949, the board of education, by resolution, ordered that relator be notified it desired to terminate his employment at the close of the present contract period, which action relator claims was unlawful. Subsequently the board of education reaffirmed its previous action and informed relator that it was willing to employ him as teacher at the present salary provided in the salary schedule for teachers, and that the county superintendent had not recommended that relator be transferred to a lesser administrative or to a teacher position.

Relator further alleges that his annual salary is now $3,750; that the present salary schedule for teachers ranges from $2,800 to $3,000 annually; that, unless a writ of mandamus is issued, respondents will unlawfully prevent relator from occupying the position to which he is lawfully entitled and refuse to pay him the salary to which he is entitled under the law; and that relator is without any adequate remedy at law.

In the answer of respondents, it is admitted that relator had a continuing contract with the board of education entered into October 16, 1941, and that it again executed a continuing contract with relator April 16, 1942. Respondents aver that the board of education, by resolution duly adopted, employed relator as superintendent of schools for the school years 1947-1948

and 1948-1949 at an annual salary of $3,750; that on March 26, 1949, the board of education determined not to re-employ relator as superintendent of schools and advised relator it would employ him as a teacher at the regular salary for teachers; that prior to relator's appointment as superintendent he was employed as teacher; and that upon his appointment as superintendent he was relieved of all teaching duties.

Supplemental answers were filed in which it is alleged that relator was never certified as an elementary principal, high school principal, supervisor, superintendent, assistant superintendent or in any school supervisor capacity as required by Sections 4857-1 and 4857-9, General Code. After a hearing, as provided for in Section 4842-12, General Code, the board of education did terminate any contract of employment with relator.

Relator filed a reply denying generally the averments in respondents' answer, except admissions. In the supplemental replies, relator avers that on August 22, 1933, relator received a "state life high school certificate" which at all times since that date has qualified him for the position with the board for the past 5 years and for any position held by him prior thereto; that prior to September 5, 1933, lifetime certificates were not issued for special positions of "high school principal," "supervisor" and "superintendent"; that on such date the General Assembly first enacted that various grades of certificates may be issued, and made provision for "high school principal," "supervisor" and "superintendent"; that the state Superintendent of Public Instruction might establish standards for the conversion of life certificates issued prior to such date into certificates of the various types; and that all such certificates issued prior to that act shall, without such conversion, retain their validity for the kind

of position for which they were valid when issued.

It is further averred that the Superintendent of Public Instruction has never established standards for the conversion of life certificates into certificates of various types provided for by statute; and that since September 5, 1935, it has been the policy of the Superintendent of Public Instruction and the superintendent of schools of Lucas county to certify a certificate issued prior to that date, as held by relator, as appropriate for the position held by him for the past 5 years.

Pursuant to right of appeal, relator, as plaintiff, filed a petition in the Common Pleas Court. Such action is now pending and the proceedings do not embrace and can not determine the issues in this action.

The respondents filed a motion herein to dismiss relator's petition, for the reason that any contract which relator may have had has been terminated since the filing of this action, as provided in Section 4842-12, General Code. On consideration, the court finds this motion not well taken and overrules same.

From our study of the pleadings and stipulations, we find that all the allegations of fact set forth in relator's petition and supplemental replies have been admitted by respondents, and that the issues to be determined are raised on the affirmative allegations in the supplemental answers, above referred to, and the following averments in the supplemental replies:

1. That the state life high school certificate of relator under date of August 22, 1933, qualified him for relator's position with the board of education for the past five years and for any position held by relator at any prior time.

2. That lifetime certificates were not issued for specific positions of high school principal, supervisor and superintendent prior to September 5, 1935.

3. That pursuant to Section 7805-1, General Code, effective September 5, 1935 (now Section 4857-1, General Code), various grades of certificates were authorized, including high school principal, supervisor and superintendent, and the Superintendent of Public Instruction was authorized to "establish standards in accordance with which he may convert provisional and life certificates issued prior to September 5, 1935, into various types provided for herein but such certificate, without such conversion, shall retain their validity for the kinds of positions for which they were issued."

4. That the Superintendent of Public Instruction has never established standards in accordance with which he may convert life certificates pursuant to the statute.

5. That it is and has been the practice and policy of the Superintendent of Public Instruction and the Lucas county superintendent of schools to certify a certificate such as issued to and held by relator as appropriate for the position relator held with the board of education for the past five years.

6. That the county superintendent of schools had not at any time recommended relator be transferred to a lesser administrative position or lesser teacher position, and that the board of education had no authority to terminate relator's contract of employment without cause.

It is admitted or established by the evidence that relator was first employed by the Board of Education of Monclova Local School District for the school year 1930-1931 as teacher; that on August 22, 1933, a state life high school certificate was granted to relator (he then being in the employ of the board as teacher), at which time lifetime certificates were not issued for specified positions; that on September 5, 1935, Section 7805-1, General Code (now Section 4857-1, General Code), was enacted and made provision for the issu-

ance of various grades of certificates, including high school principal, supervisor and superintendent; and that Section 4857-6, General Code, authorizes superintendents of public instruction to "establish standards in accordance with which he may convert provisional and life certificates issued prior to September 5, 1935, into certificates of the various types provided for herein." This section further provides that "all such certificates * * * shall, without such conversion, retain their validity for the kinds of positions for which they were valid when issued."

It appears further that at the time the Teachers' Tenure Act was enacted on June 2, 1941, the relator had been employed by the board as teacher for more than five consecutive years and Section 4842-8, General Code, provided "that on or before September 1, 1941, a continuing contract shall be entered into by each board of education with each teacher holding a professional, permanent or life certificate who, at the time of the passage of this act, is completing five or more consecutive years of employment by said board."

The evidence shows further that the Superintendent of Public Instruction has never adopted standards for the conversion of state life high school certificates issued prior to September 5, 1935, and that "under the practices and policies of the Superintendent of Public Instruction of the state of Ohio, a state life high school certificate issued prior to September 5, 1935, was and still is valid for teaching and for serving as a high school principal or supervisor and as the administrative head of a local school system under county supervision."

After a careful study of the whole record, it satisfactorily appears that a state life high school certificate issued to relator in 1933 was valid when issued and has continued through the years to be valid as a basis

for his employment as teacher, principal or supervisor of day school of the Monclova Local School District; that relator has had a continuing contract since October 16, 1941, within the meaning of the Ohio Teachers' Tenure Act; that relator was not at any time employed by the board of education as superintendent; that his continuing contract did not expire on June 1, 1949; that the county superintendent of schools has at no time recommended that relator be transferred to a teaching position with a reduction of salary; that the board of education has no authority to invalidate the continuing contract of relator without his consent or retirement, except for cause pursuant to the provisions of the statute for the termination of continuing contracts; and that there should be a finding in favor of relator on the issues joined.

The temporary writ of mandamus is made permanent.

*Writ allowed.*

CARPENTER and FESS, JJ., concur.