STATE, EX REL. KING, PLAINTIFF-RELATOR, *v.* NORTH GALLIA LOCAL BOARD OF EDUCATION ET, DEFENDANTS-RESPONDENT.

Ohio Appeals, Fourth District, Gallia County.

No. 237. Decided August 20, 1963.

*Mr. John A. Epling,* for relator.

*Mr. Warren F. Sheets,* prosecuting attorney, and *Mr. R. William Jenkins,* for respondent.

COLLIER, P. J. The relator, Leo P. King, a former teacher in the North Gallia Local School District, Gallia County, Ohio, has invoked the original jurisdiction of this court in this action in mandamus to compel respondent board of education of the North Gallia Local School District to grant him a continuing

contract of employment as a teacher in said school district.

The evidence shows that relator was first employed as a teacher by the respondent board of education in 1956, for a period of three years, beginning with the school year 1956-1957. On April 13, 1959, the relator was re-employed on a one year, limited contract. The relator taught these four years under a four-year provisional certificate. The relator was granted an eight year professional certificate, effective September 1, 1959, by the Department of Education of the State of Ohio.

In April, 1960, the respondent board of education voted unanimously not to re-employ the relator and he was notified of such action prior to April 30, 1960. On August 1, 1960, relator was employed for one year to teach the seventh grade at the Vinton Elementary School of said district. The relator's provisional certificate did not qualify him to teach the elementary grades and he was granted a temporary elementary certificate in order to be properly certified under this contract.

Prior to April 30, 1961, the relator was notified that he would not be re-employed for the succeeding year, but in August, 1961, relator was employed by the respondent board for one year on a limited contract.

The respondent board on April 13, 1962, by an affirmative vote of four members of the five-member board, voted not to re-employ the relator for the ensuing year. Prior to April 30, 1962, relator was notified by the respondent board of such action and that he would not be re-employed for the next year. The evidence does not show that the relator was ever recommended for re-employment as a teacher on a continuing contract in said school district by the county superintendent of schools.

Is the relator, under this statement of facts, entitled to a writ of mandamus to compel the respondent board of education to grant him a continuing contract? Any and all rights that the relator may have to such a contract are derived from statutes granting such rights and also fixing the conditions and requirements of qualification and eligibility of a teacher to receive such benefits. These statutes are referred to as the Teachers' Tenure Law.

Section 3319.11, Revised Code, is the statute with which we are chiefly concerned. Under the provisions of this statute,

in its original form, the procedure required to award a continuing contract to a teacher was outlined in the following terms:

"Upon the recommendation of a superintendent that a teacher eligible for continuing service status be re-employed, a continuing contract shall be entered into between the board and the teacher unless the board by a three-fourth vote of its full membership rejects the recommendation of the superintendent."

The Supreme Court of Ohio in the case of *State, ex rel. Farley,* v. *Board of Education of Euclid City School District,* 169 Ohio St., 388, in interpreting this statute held that a teacher, otherwise eligible, is not entitled to re-employment under a continuing contract without the recommendation of the superintendent. Subsequent to the pronouncement in the Farley decision, the legislature amended Section 3319.11, Revised Code, effective October 17, 1961, eliminating the necessity of the superintendent's recommendation as a condition to continuing contract status. The obvious purpose of this amendment was to nullify the rule pronounced in the *Farley case.*

It will be observed, however, that all the transactions in regard to the contractural relations between the relator and the respondent board of education occurred prior to October 17, 1961, the effective date of the amendment to the statute. Therefore, relator's rights to a continuing contract are defined and must be determined upon a consideration of the conditions and requirements contained in the statute as it was in force and effect at the time the several contracts of re-employment were entered into.

Prior to October 17, 1961, when the statute, in its amended form, became effective, in order to be entitled to a continuing contract, a teacher had to fulfull the following requirements:

(1) That he was the holder of a professional, permanent, or life certificate. (Section 3319.08, R. C.)

(2) That within the last five years he had taught for at least three years in the district, or that he had attained continuing contract status elsewhere and had served two years in the district.

(3) That he had been recommended by the superintendent for re-employment.

The relator had fulfilled the first and second requirements. He was granted a professional certificate, effective September 1, 1959, and he had also qualified as to prior years of service. But as to the third condition the record contains no evidence that he was recommended for re-employment by the county superintendent. Without the superintendent's recommendation the relator, under the provisions of the statute as it was in effect when he was re-employed by the respondent from year to year, was not entitled to a continuing contract.

Section 3319.08, Revised Code, provides two types of teacher contracts: limited contracts and continuing contracts. A teacher under a limited contract may not be re-employed for a term to exceed five years, but a continuing contract remains in effect until the teacher resigns, elects to retire, or is retired for cause under the provisions of Section 3319.16, Revised Code.

48 Ohio Jurisprudence (2d), 541, Section 118, reads in part as follows:

"The superintendent of schools and the board of education may exercise their discretion in awarding a continuing contract to an eligible teacher, *and such eligible teacher does not, solely by virtue of his eligibility acquire a clear right to such contract.* A teacher's right to continuous employment is not unconditional but depends upon the statutory provisions affecting the contract, as these statutes are part of such contract. The Teachers' Tenure Law has not taken away the administrative responsibility of the board of education which continues to wield the power of the state in this field as a governmental agency." (Emphasis added.)

To be entitled in the instant case to a writ of mandamus the relator must show a clear right thereto. The purpose of the writ is to compel the respondent board of education to perform a duty enjoined upon the board by law. The burden is on the relator to show an absolute obligation upon the respondent to re-employ him as a teacher under a continuing contract. See 35 Ohio Jurisprudence (2d), 254, Section 13. To grant such relief this court must find as a matter of law that at least one of the contracts of re-employment between relator and respondent became a continuing contract by operation of law. Such conclusion could be reached only by construing the amended

statute retroactively. The relator, having failed to fulfill one of the conditions imposed by the statute in effect at the time of his last employment in August 1961, was entitled only to a limited contract. A subsequent act of the legislature could not have retroactively affected the contract entered into before the effective date of the amendment when the amendment evinces no such intent. 50 Ohio Jurisprudence (2d), 317, Section 339 reads: "Courts indulge in the presumption that the legislature intended statutes enacted by it to operate prospectively rather than retroactively." The statute, as amended, applied only to future contracts, i. e., contracts after its effective date. To hold otherwise would abolish the statutory distinction between a limited contract and a continuing contract, and, also deprive the respondent board of education of any discretion in the employment of a teacher eligible for continuing contract status when Section 3319.11, Revised Code, expressly provides that a board of education shall have such discretion.

Under Section 3319.11, Revised Code, as amended, although the relator held a professional certificate and had the necessary prior teaching service in the district, the respondent board was expressly vested with discretion as to whether or not the relator should be re-employed. This statute provides that by a three-fourths majority of the full membership of the board a continuing contract may be denied. Such discretion was exercised by the board on April 13, 1962, when it was decided by an affirmative vote of four members of the five-member board not to re-employ the relator and served the relator of such action with the required notice. A writ of mandamus may be issued to compel the exercise of discretion but never to control it.

Our conclusion is that the evidence does not show a failure of the performance of an act specially enjoined upon the respondent by law, that the relator has not shown a clear right to the relief sought and, therefore, the peremptory writ must be and is denied.

Peremptory writ denied.

Brown, J., concurs.
Carlisle, J., dissents.

CARLISLE, J., dissenting. Since I find myself unable to agree with the majority opinion rendered in this case, and in view of the fact that after studying the record and the authorities relating to the facts of this case, I feel I would be derelict in my duty if I did not set forth at least in short form the reasons why I am dissenting. I must start by stating in my opinion, the North Gallia Local School Board, the Respondent in this case, has been playing a "Cat and Mouse" game with the Relator for at least the last three years of his employment by said board. After the employment on the first three year limited contract, said Board attempted to discharge him every spring, but then reversed themselves shortly before the beginning of the fall term, the last contract being for the school year of 1961-1962.

Judge Collier states on page 360 of the majority opinion that the obvious purpose of the amendment of Section 3319.11, Revised Code, effective October 17, 1961, was to nullify the rule pronounced in the *Farley case*, and yet the opinion which he wrote was based primarily upon the law as set forth by the Supreme Court of Ohio, in the *Farley case*, and in my view gives no effect whatever to the 1961 amendment referred to above. Furthermore, the statement found at the bottom of page 360 of said majority opinion is absolutely contrary to the record, and therefore an unsupported inference made by Judge Collier in which Judge Brown, of course, concurs. On the contrary, I am of the opinion that the Relator's rights should be determined as of October 17, 1961, the effective date of the amendment to Section 3319.11, Revised Code, and there is no reason whatever for this court to legislate and make this amendment by its opinion effective either retroactively or prospectively. The legislature specifically and the amendment itself make it effective on October 17, 1961, and in the view of the writer, the Relator's contract immediately upon the effective date of this amendment, changed by operation of law from a limited contract to a continuing contract, since teachers tenure statutes serve merely to extend the term of employment by operation of law, and not to change the relationship of employer and employee existing between the district and the teacher. Vol. 47, American Jurisprudence, Section 134 on schools at page 393,

and also to the same effect Vol. 47, Section 137 on schools in American Jurisprudence, 395.

Judge Collier in the majority opinion correctly says in the first paragraph on page 361 that a teacher under a limited contract may not be re-employed for a term to exceed five years. This is specifically set forth in Section 3319.11, Revised Code, and is still the law of Ohio, and yet the facts in this case are undisputed that the Relator served 6 years under so-called limited contracts in violation of the section referred to in this sentence. If this can be done, would a school board be permitted to let teachers teach on limited contracts for 15 or 20 years, and still have no rights under the Teachers Tenure Law? What then was King's status for the year 1961-1962 which, was his 6th year of teaching in that same school district? My answer is that he had all the qualifications to be eligible for a continuing contract on October 17, 1961, except the recommendation of the Superintendent of Schools, and when the amendment made that unnecessary, he was immediately entitled to a continuing contract, and the amendment immediately became a part of his contract, and was written therein. Also, the same would be true on April 13, 1962, when the Respondent board delivered notice that it was the intention of the Board not to re-employ him at the expiration of his present contract. Respondent's exhibit 5 shows that said motion by the Board was passed, but does not show what members of the Board were present at that time, or what members voted thereon. However, the testimony of Mrs. Roush showed that it was a vote of 4 to 1 in favor of the motion not to re-employ. It is my contention and conclusion that this action on the part of the Board was a nullity, since it did not comply with the provisions of Section 3319.16, Revised Code, which specifically holds that "before terminating any contract the employing board shall furnish the teacher a written notice signed by its clerk of its intention to consider the termination of his contract with full specifications of the grounds for such consideration." Exhibit 5, which was the only notice received by the Relator, is completely silent as to any specifications of the grounds required by Section 3319.16, Revised Code, even though the motion, according to the clerk's testimony, was to the effect that the minutes showed that his

contract was being terminated for inefficiency etc.; neither was his contract being terminated in accordance with Section 3307.-37, Revised Code, which relates to the only other method by which teachers contracts may be terminated.

Also, in my view the majority opinion is not well founded in holding that there were no contractual relations existing between the Relator and the Board at the time of the effective date of the amendment hereinbefore referred to. The truth of the matter is that on October 17, 1961, and also on April 13, 1962, the Relator and the Board still had contractual relations in that Mr. King had a right to complete his year of teaching, barring his removal for cause as provided for in Section 3319.16, Revised Code, and draw his salary for the same which he did; likewise, the Board had a legal right to expect Mr. King to complete his year of teaching at that time, which he did, and we all know, of course, if he had not done so, his salary would not have been paid to him. In addition to the above, the Relator still retained all the rights and privileges which the Teacher's Tenure Law gave him and as the law provides, all enactments of the legislature become part of the teacher's contract upon their effective date, the same as if written therein.

I agree with Judge Collier in his majority opinion that in order to be entitled to a writ of mandamus, the Relator must show a clear right thereto, and in this case, after many weeks of studying the facts and the law, I am thoroughly convinced that by the terms of Section 3319.11, Revised Code, as well as by the many authorities I have also read and studied, and in addition thereto by the amendment of Section 3319.11, Revised Code, effective October 17, 1961, gave the Relator such clear remedy that the Respondent Board was divested by law from terminating the Relator's right to a continuing contract. The amendment of October 17, 1961, nullified completely what Judge Collier quoted from 48 Ohio Jurisprudence (2d), 541, Section 118, found on page 361 of the majority opinion. If Mr. King is not entitled to a continuing contract under the facts of this case, then our teachers have little or no security under the Teachers' Tenure Law. Under the holding of the case of *State, ex rel.,* v. *Board of Education,* 88 Ohio App., 175, a teacher employed by a Board of Education for 5 or more consecutive years immediately prior to the enactment of the Teachers'

Tenure Law and who holds a professional permanent or life certificate is entitled to a continuing contract. Also, in this dissent, I rely upon the case of *Rose* v. *Board of Education*, 74 Ohio App., 63, 57 N. E. (2d), 609, which holds that a teacher holding a life certificate who was completing 5 consecutive years as a teacher in one school district at the time of passage of Teachers' Tenure Act on May 15, 1941, was entitled under Section 7690-2, General Code, to a continuing contract, although such teacher since that time had been employed on a yearly basis, and had accepted and taught under one year contracts. Section 7690-2, General Code, is now Section 3319.11, Revised Code.

Lastly, since the evidence and the exhibits plainly and clearly show that the Relator had taught 6 consecutive years in the North Gallia School District and held a professional certificate effective September 1, 1959, and lacked only the recommendation of the Superintendent of Schools to entitle him to a continuing contract, I would have the judgment of this court be to the effect that the Relator was and is entitled to a continuing contract, beginning with the school year of 1962-1963, and that his continuing contract status arose as a matter of law and by operaiton of law on October 17, 1961, and that he is entitled to all the rights and privileges accorded by the Teachers' Tenure Law of this state, since all that time he no longer needed any recommendation from the Superintendent of Schools. If the Board decided to terminate his services, it should have proceeded under Section 3319.16, Revised Code, hereinbefore referred to. It would be my order that Respondent pay to the Relator his salary accrued from the beginning of the school year of 1962, including such sick pay as may be applicable forthwith, and recognize his continuing contract status as a teacher in said school district until and unless the same be terminated in the manner provided for by Section 3319.16 or Section 3307.37, Revised Code. I would not enter any money judgment in this cause for the reason that no evidence was introduced before the court by either party to show the amount which would be due Relator from the Respondent. However, should this matter finally be determined in Relator's favor he has an adequate remedy at law for this, and the lower courts

would be open to him for this cause of action. I would have the writ of mandamus granted and ordered issued forthwith.